IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Dermaine Golphin, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____) | Cr. No. 1:07-0502-MBS<br><br>**OPINION AND ORDER** |

Movant Dermaine Golphin is a federal inmate in custody of the Bureau of Prisons. On August 31, 2009, Movant, appearing pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

This matter is before the court on Respondent United States' motion for summary judgment, which motion was filed on September 11, 2009 (Entry 137). On September 14, 2009, pursuant to Roseboro v. Garrison 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on October 9, 2009.

I. FACTS

Movant and a co-defendant, Dominique Lamar Lester, were indicted on May 1, 2007 for possession with intent to distribute 50 grams or more of cocaine base (commonly known as "crack" cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count 1). A written plea agreement was filed on August 23, 2007 whereby Movant agreed to plead guilty to Count 1 of the indictment. A guilty plea was entered on September 4, 2007. At the guilty plea hearing, the United States summarized its evidence as follows:

> THE COURT: All right. Mr. Rowell, would you summarize the government's evidence, please.
>
> MR. ROWELL: Yes, ma'am. On January 19, 2007, Officer Williams of the North Augusta Department of Public Safety was conducting a license check point in the area of Womrath and Norman Street in North Augusta. This defendant was driving a 2002 Saturn. He approached the checkpoint with three passengers in the car. When the car was stopped, the officers immediately noticed the small of burnt marijuana coming from the vehicle.
>
> They asked Mr. Golphin for his name and driver's license. He provided them with a false name and a false data of birth. When the officers ran that, they determined that that person did not exist. They came back to the car. Mr. Golphin eventually gave them his correct name and he acknowledge that he was driving without a license. Because of the fact he was driving without a license and the smell of marijuana in the car the officers removed him, arrested Mr. Golphin, conducted a search of the vehicle and found 112 grams of crack cocaine located underneath a cup holder in the console of the vehicle that Mr. Golphin was driving.
>
> Subsequent to him being arrested and transported to the North Augusta Department of Public Safety Mr. Golphin signed a Miranda – Miranda form. He waived his rights and he provided a statement indicating that the passenger, Dominique Lester, had gotten into his vehicle with the crack cocaine. Mr. Golphin acknowledged having possession and control over it in that he was driving the vehicle.
>
> Your Honor, those would be the facts that we would present at trial.

Entry 125 (Transcript of Change of Plea Hearing ), 48-49. Movant admitted to the summary of the facts given by the United States. Id. at 49.

On December 31, 2007, the United States filed a motion to dismiss the indictment as to Movant's co-defendant, Dominique Lester. The court granted the motion on January 4, 2008. On February 28, 2008, Movant was sentenced to incarceration for a total term of 210 months. Judgment was entered on March 3, 2008. Movant appealed his guilty plea and sentence to the Court of Appeals for the Fourth Circuit. The appeal was dismissed by order filed October 9, 2008.

## II. DISCUSSION

Movant contends that he received ineffective assistance of counsel. According to Movant, counsel was ineffective for allowing him to plead guilty to aiding and abetting under 18 U.S.C. § 2 because the United States dismissed Movant's only co-defendant, Dominique Lester.

To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694.

Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

In Hill v. Lockhart, 474 U.S. 52 (1985), the United States Supreme Court discussed the application of the rule regarding deficient performance in cases where the defendant does not go to trial, but instead enters a guilty plea:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led

3

counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Id. at 57-59 (internal citations omitted).

Title 18, United States Code, Section 2 provides:

§ 2. Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Movant argues that the facts to which he pleaded guilty did not constitute a crime. The gravamen of Movant's § 2255 motion is that he is actually and factually innocent of aiding and abetting because no co-defendant is present in the case. Movant asserts that counsel's performance was deficient because counsel allowed Movant to plead guilty to what Movant contends is a jurisdictionally defective indictment. The court disagrees.

A defendant is guilty of aiding and abetting if he knowingly associates himself with and participates in a criminal venture. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (quoting United States v. Winstead, 708 F.2d 925, 927 (4th Cir.1983)). In order to prove association, the United States must establish that the defendant participated in the principal's criminal intent, which requires that a defendant be cognizant of the principal's criminal intent and the lawlessness of his activity. Id. (citing Winstead, 708 F.2d at 927). An aider can be convicted even where the principal is acquitted. This is because § 2 treats aiders and abettors as principals for purposes of federal law. United States v. Brunson, 657 F.2d 110, 114 (7th Cir. 1981) (citing Standefer v. United States, 447

4

U.S. 10 (1980)); see also United States v. Hodge, 211 F.3d 74, 77 (3d Cir. 2000) (noting that a person charged with aiding and abetting a crime can be convicted regardless of the fate of the principal). Section 2 does not establish a separate crime, but rather is an alternative charge that permits one to be found guilty as a principal for aiding or someone else to commit the offense. United States v. Mann, 811 F.2d 495, 497 (9th Cir. 1987) (citing United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984)). The government's burden is to prove that someone committed the underlying crime. Id. (citing cases); see United States v. Horton, 921 F.2d 540, 543 (4th Cir. 1990) (quoting United States v. Perry, 643 F.2d 38, 45 (2d Cir. 1981)). The very purpose of § 2 is to render equally culpable all who participate in an offense. Horton, 921 F.2d at 543.

In this case, Movant admitted during the guilty plea hearing that Movant's co-defendant, Dominique Lester, had been in possession of crack cocaine when he entered the vehicle Movant was driving. According to the presentence investigation report (PSR), Movant stated during an interview that he observed Lester remove a bag of crack cocaine from his jacket pocket and place it in his lap. Movant observed Lester try to hide the plastic bag of crack cocaine in the center console when they approached the driver's license check point on January 19, 2007. Movant thereafter gave law enforcement a false name when stopped at the check point. PSR ¶ 14. The plastic bag later was determined to contain 112.00 grams of crack cocaine. Id. ¶ 13. Movant did not object to these facts as set forth in the PSR.

Title 21, United States Code, section 841(a) makes it unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance. Section 841(b)(1)(A) provides that the penalty for violating § 841(a) with respect to 50 grams or more of cocaine base is a term of imprisonment of not less than

5

ten years or more than life, or if the defendant has a prior felony drug offense, a term of imprisonment of not less than twenty years or more than life. By Movant's own admission and based upon the facts submitted by the United States, the underlying crime was committed, and Movant was cognizant of the illegal activity. Movant's claim is without merit.

### III. CONCLUSION

For the reasons stated, the United States' motion for summary judgment (Entry 137) is **granted**. Movant's § 2255 motion is dismissed, with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

February 23, 2010.

### NOTICE OF RIGHT TO APPEAL

Movant hereby is notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.